FILED

Timothy D. McGonigle, Esq. (State Bar No. 115979)
TIMOTHY D. McGONIGLE PROF. CORP.
233 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
Telephone: (310) 478-7110
Facsimile: (310) 440-8749

2013 SEP -3  PM 2: 59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorney for Plaintiff
Robert James Parsons II

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAMES PARSONS II, | Civil No. CV13-06438-RZ |
| Plaintiff, | COMPLAINT FOR: |
| v. | 1) BREACH OF CONTRACT; |
| WILLIAM JOSEPH FISHER, an individual; JOHN TODD MYERS, an individual, | 2) FRAUD; 3) VIOLATION OF SECTION 17(a) OF THE SECURITIES ACT; AND 4) VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 |
| Defendants. | |
| | DEMAND FOR JURY TRIAL |

Robert James Parsons II ("Plaintiff") for his Complaint against Defendants William Joseph Fisher ("Fisher") and John Todd Myers ("Myers") (both collectively referred to as "Defendants"), alleges as follows:

COMPLAINT
- 1 -

## JURISDICTION AND VENUE

1. This court has diversity jurisdiction of this action under 28 U.S.C. §1332, in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Further, this court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1), and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. Sections 77t(b), 77t(d)(1) & 77v(a), and Sections 21(d)(1), 21(d)(3)(a), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. Sections 78u(d)(1), 78u(d)(3)(A), 78u(e) & 78AA. Defendants directly or indirectly made use of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, in connection with the transactions, acts, practices, and courses of business alleged in the complaint.

2. Venue is proper in the Central District under 28 U.S.C. §1391(a) in that a substantial part of the events giving rise to the claims occurred in this district and Section 22 (a) of the Securities Act, 15 U.S.C. Section 77v(a) and Section 27 of the Exchange Act, 15 U.S.C. Section 78aa, because certain of the transactions, practices and courses of conduct constituting violations of the federal securities laws occurred within this district. .

## PARTIES

3. Plaintiff Robert James Parsons II is and was at all relevant times an individual residing in the county of Los Angeles, State of California.

4. Defendant Fisher is and at all relevant times an individual residing in Costa Rica.

5. Defendant Myers is and at all relevant times an individual residing in Florida.

COMPLAINT
- 2 -

## FACTS AND BACKGROUND

6. On or about October 22, 2009, Plaintiff and Defendants executed a Promissory Note ("original Note") for $150,000 associated with investment property in Costa Rica, Guanacaste Province, Arenal, Casa Lago del Sur, which is now WaCostarica Fractional Investment, owned by Fisher and Meyers, in favor of Plaintiff. The original Note was executed by Defendants in Florida and notarized by a notary commissioned by the State of Florida, and returned to Plaintiff.

7. Under the terms of the original Note, Plaintiff agreed to lend Defendants $150,000 for purposes of purchasing and developing land in Costa Rica, at a rate of interest of ten percent per annum. Defendants were to make the first of three interest payment on January 22, 2010. The original promissory note was secured against the Casa Lago del Sur (and all aliases) property that was under development by Fisher and Myers. The property is now WaCostarica, a fractional investment property operated by Fisher with Myers and others' financial interests. When Fisher fraudulently and deceptively took the original promissory note, there was no indication of debt to Parsons to new investors without proper disclosure. Fisher claimed to disclose the debt to Parsons to a new investor who restructured the finances of WaCostarica Fractional Investment, but there is no way to verify this claim.

8. The balance of the original Note was to be paid no later than October 22, 2010.

9. Defendants failed to pay the balance of the original Note by October 22, 2010.

10. In or December 20, 2010, Plaintiff sent the original Note to Defendant Fisher's attorney, Ricardo Jose Canas Escoto, in Tamarindo, Guanacaste, Costa Rica.

11. On or about February 23, 2011, Defendant Fisher made the first interest payment under the original Note by transferring a total of $24,450 to Plaintiff's bank account in California.

12. In or about June 2011, Plaintiff agreed to extend the Defendants' time to repay the original Note, and proposed that the parties execute a new Promissory Note ("new Note").

13. In or about June 2011, Defendants represented to Plaintiff that they would execute the new Note in Plaintiff's favor, which would guarantee the principal amount, and requested that Plaintiff send the new Note to attorney Escoto. Defendants requested that Plaintiff provide them with the original Note.

14. In or about June 2011, Attorney Escoto sent both the original Note and the new Note to Defendant Fisher to be executed by both Defendants.

15. Defendant Fisher retained the original Note and failed to execute or return the new Note to Plaintiff, per the parties' agreement.

16. To date, Defendants have failed to return the original Note to Plaintiff, pay the balance of the original Note, or make any payments under the new Note. Absent the original Note, Plaintiff is unable to bring a breach of contract claim against either Defendant in Costa Rica.

## FIRST CAUSE OF ACTION

### Breach of Contract Against All Defendants

17. Plaintiff alleges Paragraphs 1 through 17 as though fully set forth herein.

18. On or about October 22, 2009, Plaintiff and Defendants entered into a valid, enforceable agreement whereby Defendants agreed to repay Plaintiff's loan in the amount of

COMPLAINT
- 4 -

$150,000, plus ten percent interest per annum, by October 22, 2010. A true and correct copy of the original Note is attached as Exhibit "A," and is incorporated herein by this reference.

19. Plaintiff has performed all conditions, covenants, and promises required on his part to be performed in accordance with the original Note, except for those conditions and covenants for which performance by Plaintiff was excused.

20. On or about August 11, 2011, Plaintiff requested that Defendants repay the principal of the loan along with all interest still owing at that time.

21. Defendants have failed to repay any portion of the balance of the loan.

22. As a direct, actual and proximate result of the conduct alleged herein, Plaintiff has suffered, and continues to suffer, significant damages, in the amount to be proven at trial, but that exceeds $150,000, together with interest thereon at the at the rate of ten percent per annum, or if less, the highest rate permitted under law, until satisfied.

## SECOND CAUSE OF ACTION

### Fraud Against the Defendants

23. Plaintiff alleges Paragraphs 1 through 23 as though fully set forth herein.

24. In order to induce Plaintiff to enter into the original Note, and to extend the term of the original Note by executing a new Note, Defendants intentionally made false and fraudulent representations of material fact to Plaintiff:

   a. In or about October 2009, Defendants knowingly and falsely represented to Plaintiff that they would repay the balance of the original Note, including all interest due and owing, pursuant to the parties' agreement;

   b. In or about June 2011, Defendants knowingly and falsely represented to Plaintiff that they would execute a new promissory note to extend the term of repayment;

COMPLAINT
- 5 -

    c. In or about June 2011, Defendants requested that Plaintiff provide them with the original Note, with knowledge that Defendant Fisher would retain the original Note to prevent Plaintiff from bringing any breach of contract action against Defendants in Costa Rica;

    d. In or about June 2011, Defendants knowingly and falsely promised to repay the balance of the $150,000 loan plus all interest due and owing, pursuant to the parties' agreement.

25. At the time each of these representations were made by Defendants, Defendants knew these statements were false, and Defendants made these statements with the intent to deceive the Plaintiff, and to induce Plaintiff to extend the term of repayment of the $150,000 loan under the original Note, to provide the original Note to Defendant Fisher, and to delay Plaintiff's demand for repayment of the principal balance, and all interest due and owing.

26. At the time each of these representations was made, Plaintiff was ignorant of the falsity of the Defendants' representations, and believed them to be true. Plaintiff was justified in relying on the Defendants' statements, based on Plaintiff's business relationship and course of business with Defendants. Plaintiff was induced to extend the term of repayment of the $150,000 loan, as well as all interest due and owing, under the original Note. Had Plaintiff known the true facts, Plaintiff would not have agreed to extend the term of repayment, would not have provided the original Note to Fisher's attorney, and would not have delayed his demand for repayment of the principal balance and all interest due and owing.

27. As a direct, actual and proximate result of the conduct alleged herein, Plaintiff has suffered, and continues to suffer, significant damages, in the amount to be proven at trial,

COMPLAINT
- 6 -

but that exceeds $150,000, together with interest thereon at the at the rate of ten percent per annum, or if less, the highest rate permitted under law, until satisfied.

28. Defendants' misleading conduct, and false and fraudulent misrepresentations to Plaintiff, were intentional, despicable and malicious. Defendant Myers ratified the misrepresentations of Defendant Fisher. Defendants knew they did not intend to repay the original Note, under its original terms or the terms of extended repayment pursuant to any new Note. Defendants knew Defendant Fisher intended to retain the original Note to prevent Plaintiff from bringing any breach of contract action against him in Costa Rica. Defendants Myers and Fisher are thus guilty of malice, oppression or fraud, warranting an assessment of exemplary damages in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct.

### THIRD CAUSE OF ACTION

### Violations of Section 17 (a) of the Securities Act

### Against the Defendants

29. Plaintiff alleges Paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is informed and believes that Defendants solicited more than 35 members of public to invest in and/or loan money to Defendants to finance their business ventures. Defendants, by engaging in such conduct, directly or indirectly, offered or sold securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails:

    a. with sceinter, employed devices, schemes, or artifices to defraud;

COMPLAINT
- 7 -

b. obtained money by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

c. engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

31. By engaging in the conduct described above, Defendants violated, and unless restrained and enjoined will continue to violation, Section 17(a) of the Securities Act, 15 U.S.C. Section 77q(a).

## FOURTH CAUSE OF ACTION

**Violations of Section 10 (B) of the Exchange Act and Rule 10b-5 thereunder**

**Against the Defendants**

32. Plaintiff alleges Paragraphs 1 through 31 as though fully set forth herein.

33. Defendants by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, with scienter:

a. employed devices, schemes or artifices to defraud;

b. made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they were made, not misleading; or

c. engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

COMPLAINT
- 8 -

34. By engaging in the conduct described above, Defendants violated, and unless restrained and enjoined will continue to violation, Section 10(b) of the Exchange Act, 15 U.S.C. Section 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. Section 240.10b-5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants as follows:

1. For judgment in his favor and against Defendants, for compensatory damages in an amount to be proven at trial, but exceeding $150,000, plus interest;

2. For judgment in his favor and against Defendants on the fraud claim, for punitive and exemplary damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

3. For judgment in his favor and against Defendants on the securities violation claims, including injunctive relieve, in an amount to be proven at trial, but exceeding $150,000, plus interest;

4. For costs of suit;

5. For attorney's fees pursuant to the Securities laws.

6. For prejudgment and post-judgment interest; and

7. For such other and further relief as the court may deem just and proper.

Dated: August 28, 2013         Law Offices of Timothy D. McGonigle

By: _____
Timothy D. McGonigle
Attorney for Plaintiff

COMPLAINT
- 9 -

Name & Address:
Timothy D. McGonigle, Esq. (State Bar No. 115979)
TIMOTHY D. McGONIGLE PROF. CORP.
233 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
Telephone: (310) 478-7110

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ROBERT JAMES PARSONS II, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV13-06438 R2 |
| WILLIAM JOSEPH FISHER, an individual; JOHN TODD MYERS, an individual, | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within ~~20~~ 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Timothy D. McGonigle_____, whose address is 33 Wilshire Boulevard, Suite 700 Santa Monica, California 90401_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: SEP - 3 2013

By: MARILYN DA[...]
    Deputy Cle[...]
    (Seal of the Court)  1227

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
ROBERT JAMES PARSONS II

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
WILLIAM JOSEPH FISHER
JOHN TODD MYERS

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Timothy D. McGonigle, Esq. (State Bar No. 115979)
233 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
Telephone: (310) 478-7110

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 150,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1332, in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds t$75,000. Sections 20(b), 20(d)(1), and 22(a) 28 U.S.C. §1332, there is complete diversity of citizenship between the parties, amount in controversy exceeds $75,000. Securities Act of 1933 ("Securities Act"), 15 U.S.C.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☒ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-06438**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)　　　　　CIVIL COVER SHEET　　　　　Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Robert James Parsons, II, Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | William Joe Fisher: Costa Rica |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | John Todd Myers: Florida |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____  DATE: August 28, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Name & Address:
Timothy D. McGonigle, Esq. (State Bar No. 115979)
TIMOTHY D. McGONIGLE PROF. CORP.
233 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
Telephone: (310) 478-7110

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ROBERT JAMES PARSONS II, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | **CV13-06438** |
| WILLIAM JOSEPH FISHER, an individual; JOHN TODD MYERS, an individual, | |
| DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within ~~20~~ 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Timothy D. McGonigle, whose address is 33 Wilshire Boulevard, Suite 700 Santa Monica, California 90401. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: SEP 3 2013

Clerk, U.S. District Court

By: MARILYN DAY
Deputy Clerk
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)    SUMMONS